IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CHARLES VENATOR, # 590547, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:24-cv-01014 |
| | ) | |
| UNKNOWN SPECIAL OPERATIONS | ) | Judge Richardson |
| TASK FORCE MEMBER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Charles Venator, who is currently in custody of the Riverbend Maximum Security Institution in Nashville, Tennessee, filed a pro se Complaint alleging violations of his civil rights. (Doc. No. 1). The Complaint is now before the Court for initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. PLRA SCREENING STANDARD

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The Court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

## II.     FACTUAL ALLEGATIONS

Plaintiff sues nine Defendants.[1] For purposes of the instant screening, the Court accepts as true the following facts that are alleged in the Complaint.

On August 17, 2023, 33 Special Operations Task Force officers entered Plaintiff's housing unit. (Doc. No. 1 at 6). Among these officers were Commander Sean Stewart and Assistant Director Bobella. (*Id.*). Two officers searched Plaintiff's cell and conducted strip searches of Plaintiff and his cellmate. (*Id.*) They then ordered Plaintiff to kneel in the dayroom along with other inmates. (*Id.* at 6−7). Plaintiff was in discomfort due to a past knee injury, so he rested on his heels, while otherwise complying with officers' orders. (*Id.* at 7). After a confrontation regarding Plaintiff's failure to kneel, an unidentified officer ordered Plaintiff to a small room where another inmate was present. (*Id.*).

In this room, two unidentified Special Operations Task Force officers used force against Plaintiff. (*Id.* at 8−9). One of them repeatedly struck Plaintiff's head against the wall, causing him to temporarily lose consciousness. (*Id.* at 8). Both officers threw Plaintiff to the ground, and then one of them bent his arm backward "so as to cause extreme pain" while another kneeled on Plaintiff's back. (*Id.* at 9). They then left Plaintiff in the room. (*Id.*) The ice room has a large window that allowed Commander Stewart and Assistant Director Bobella to see inside, but no one intervened. (*Id.*). Plaintiff sustained a head injury, a broken rib, and a rotator cuff injury. (*Id.* at 10−11).

---

[1] Defendants are Unknown Special Operations Task Force Members 1 and 2, the Tennessee Department of Corrections, Assistant Commissioner of Prisons Linda Thomas, Commander Sean Stewart, Assistant Director Bobella, Director David Imhof, Internal Affairs Investigator Danielle Jackson, and Warden Zachary Pounds. (Doc. No. 1 at 2−4). The caption of the Complaint lists "Daniel Jackson," but the body of the Complaint identifies "Danielle Jackson" as the relevant Defendant. (Doc. No. 1 at 1, 4).

Internal Affairs Investigator Danielle Jackson interviewed Plaintiff and told him she would conduct a full investigation. (*Id.* at 10). Director David Imhof is the last reviewing authority within the Office of Investigation and Conduct. (*Id.* at 12). Plaintiff filed a grievance about the incident, which Warden Zachary Pounds and Assistant Commissioner of Prisons Linda Thomas reviewed. (*Id.* at 11). To Plaintiff's knowledge, no investigation has been conducted, and the Special Operations Task Force officers have not faced any negative consequences for their actions. (*Id.* at 10−13). Plaintiff asserts that Investigator Jackson, Director Imhof, Warden Pounds, and Assistant Commissioner Thomas "have all aligned themselves in a conspiracy to cover up the misuse of excessive force." (*Id.* at 13).

Plaintiff alleges that Special Operations Task Force officers have engaged in excessive force on other occasions, citing several incidents. (*Id.* at 13−15).

### III. ANALYSIS

Plaintiff asserts claims of excessive force in violation of the Eighth Amendment against Special Operations Task Force Officers 1 and 2. (*Id.* at 16−18). He also asserts claims of failure to intervene in violation of the Eighth Amendment against Special Operations Task Force Officers 1 and 2, Commander Stewart, and Assistant Director Bobella. (*Id.* at 16−18, 23−25). Finally, he asserts that all Defendants are liable under a variety of legal theories[2] for engaging in a

---

[2] Plaintiff asserts that each Defendant

> engaged in said conspiracy in order to protect the perpetrators of these illegal actions of Riverbend employees as further contained herein and to sabotage the plaintiff's access to federally-protected remedial process and, by extension, his access to federal court against the First, Fifth, Eighth and Fourteenth Amendment Rights under the United States Constitution and Article I, Section 16 of the Tennessee Constitution and Article I, Section 13 of the Tennessee Constitution that forbids subjecting a person confined to unnecessary rigor and in violation of 42 U.S.C. § 1983 and 42 U.S.C. 1985.

(Doc. No. 1 at 16–26) (emphasis removed).

conspiracy to cover up the actions of the Special Operations Task Force Officers. (*Id.* at 16−26). The Court will address each set of claims in turn.

### A.      Excessive Force

"[A] claim of excessive force has both an objective and a subjective component. The official must have acted with a sufficiently culpable state of mind, and the alleged wrongdoing must be objectively harmful enough to establish a constitutional violation." *Gunther v. Castineta*, 561 Fed. Appx. 497, 503 (6th Cir. 2014). Here, Plaintiff alleges that Unknown Special Operations Task Force Officer 1 struck his head against a block wall, threw him to the ground, and drove a knee into his back. (Doc. No. 1 at 8−9). Plaintiff alleges that Unknown Special Operations Task Force Officer 2 threw him to the ground and bent his arm backwards causing extreme pain. (*Id.*) Assuming these allegations to be true, Plaintiff has alleged viable Eighth Amendment claims based on excessive force. These claims shall proceed against Unknown Special Operations Task Force Officers 1 and 2 in their individual and official capacities.[3]

### B.      Failure to Intervene

To state an Eighth Amendment claim based on a prison official's failure to intervene, Ross must allege that the Defendant "observed or had reason to know that excessive force would be or was being used *and* had both the opportunity and the means to prevent the harm from occurring." *Burgess v. Fischer*, 753 F.3d 462, 475 (6th Cir. 2013) (quotation marks and citation omitted). Here, Plaintiff alleges that Unknown Special Operations Task Force Officers 1 and 2 each were aware and able to prevent the other from using excessive force but failed to do so. (Doc. No. 1

---

[3] All Defendants are sued in both their individual capacity and their individual capacity. Nothing in this order is meant to convey that any official-capacity claims ultimately will prove to have been appropriate; it remains possible that even if an individual-capacity claim against a defendant ultimately proves meritorious, an official capacity claim will fail.

at 8−9). He also alleges that Commander Stewart and Assistant Director Bobella were present when Unknown Special Operations Task Force Officer 1 escorted Plaintiff to the ice room, and they could see into the ice room while both Unknown Special Operations Task Force Officers used force against Plaintiff, but they took no action to prevent the use of force. (*Id.* at 7−9). Assuming these allegations to be true, Plaintiff has alleged viable Eighth Amendment claims based on failure to intervene. These claims shall proceed against Unknown Special Operations Task Force Officers 1 and 2, Commander Stewart, and Assistant Director Bobella in their individual and official capacities.

### C.      Investigation and Discipline

Plaintiff alleges that Defendants engaged in a conspiracy to cover up the Special Operations Task Force Officers' misconduct. As to this set of allegations, he has failed to state a claim upon which relief can be granted.

Plaintiff alleges that Warden Pounds and Assistant Commissioner Thomas denied his grievance. (Doc. No. 1 at 10−11). However, "there is no constitutional right to an effective prison grievance procedure." *Argue v. Hofmeyer*, Fed. Appx. 427, 430 (6th Cir. 2003). Plaintiff also alleges that Defendants' actions undermined the investigation of the alleged excessive force. (Doc. No. 1 at 12−13). However, "[t]here is no statutory or common law right, much less a constitutional right, to an investigation." *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007).

Plaintiff also asserts that Defendants' actions "sabotage[d] the plaintiff's access to federally protected remedial process and, by extension, his access to federal court." (Doc. No. 1 at 17). To state an access-to-courts claim, a plaintiff must allege "(1) a non-frivolous underlying claim; (2) obstructive actions by state actors; (3) substantial prejudice to the underlying claim that cannot be remedied by the state court; and (4) a request for relief which is now otherwise unattainable."

*Jackson v. City of Cleveland*, 64 F.4th 736, 746 (6th Cir. 2023) (quotations marks, brackets, and ellipsis omitted). Here, Plaintiff has not alleged facts to satisfy the third or fourth element.

Finally, Plaintiff asserts that Defendants' actions violated Article I, Section 13 ("That no person arrested and confined in jail shall be treated with unnecessary rigor") and Article I, Section 16 ("That excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted") of the Tennessee Constitution. However, he fails to articulate how Defendants' actions *after* the alleged use of excessive force caused him to suffer cruel and unusual punishment or unnecessary rigor. *Cf. Mitchell*, 487 F.3d at 379 ("[T]he absence of an investigation *after* the accident could not plausibly be the cause of this accident." (emphasis in original)).

Plaintiff's allegations regarding the lack of investigation and discipline after the alleged use of excessive force fail to state a claim upon which relief may be granted. All claims based on these allegations will therefore be dismissed.

### IV. CONCLUSION

The Court has screened the Complaint pursuant to the PLRA. Eighth Amendment claims of excessive force **SHALL PROCEED** against Unknown Special Operations Task Force Officers 1 and 2. Eighth Amendment claims of failure to intervene **SHALL PROCEED** against Unknown Special Operations Task Force Officers 1 and 2,[4] Commander Sean Stewart, and Assistant Director Bobella.

---

[4] Although courts generally do not favor use of "John Doe" or similar terms to identify a defendant, it is permissible when the defendant's identity is not known at the time the complaint is filed but may be determined through discovery. *Berndt v. Tennessee*, 796 F.2d 879, 882-84 (6th Cir. 1986). Accordingly, the Court concludes that it would be inappropriate to dismiss the claims against Unknown Special Operations Task Force Officers 1 and 2 at this stage of proceedings. Plaintiff is forewarned, however, that process cannot be served upon these Defendants until the actual individuals involved have been properly identified.

The Clerk is **DIRECTED** to send Plaintiff service packets (a blank summons (AO 440) and USM 285 form) for Defendants Sean Stewart and Assistant Director Bobella. Plaintiff **MUST** complete the service packet and return it to the Clerk's Office within **30 DAYS** of the entry of this order. Failure to do so may result in the dismissal of this case. Upon return of the properly completed service packet, the Clerk is **DIRECTED** to issue summons to the U.S. Marshals Service for service on the Defendants. Fed. R. Civ. P. 4(b) and 4(c)(3).

All other claims are **DISMISSED** for failure to state a claim upon which relief may be granted. This includes all claims against Director David Imhof, Investigator Danielle Jackson, Warden Zachary Pounds, Assistant Commissioner Linda Thomas, and the Tennessee Department of Correction. The Clerk **SHALL** terminate these Defendants on the docket.

Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), this action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pre-trial, non-dispositive motions, to issue a Report and Recommendation on all dispositive motions, and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court. Despite the issuance of process, the Magistrate Judge may *sua sponte* recommend the dismissal of any claim for the reasons set forth in 28 U.S.C. § 1915(e)(2).

Plaintiff is forewarned that this action may be dismissed if he fails to apprise the Court of any address changes.

---

Plaintiff must exercise due diligence to take discovery and conduct a reasonable investigation to promptly determine the actual name of the Unknown Special Operations Task Force Officers and to file a timely motion pursuant to Federal Rule of Civil Procedure 15(a) for leave to amend his complaint to correctly identify these Defendants by their real names once those names are ascertained, and to effect timely service of process upon the individuals, as required by Federal Rule of Civil Procedure 4(m).

IT IS SO ORDERED.

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE